UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| FREDERICK WESTBROOK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00272 AGF |
| ) | |
| BHUMI PATEL, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

Self-represented Plaintiff Frederick Westbrook brings this action under 42 U.S.C. § 1983 against his public defender, for alleged violations of his civil rights. The matter is now before the Court upon the motion of Plaintiff for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. ECF No. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and waive the filing fee. *See* 28 U.S.C. § 1915(a)(1). As Plaintiff is now proceeding *in forma pauperis*, the Court must review his complaint under 28 U.S.C. § 1915. Based on such review, the Court will dismiss the complaint for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915,

the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

**Plaintiff's Background**

**I.     State Court Litigation**

Plaintiff was charged in St. Louis County court with second-degree sodomy and rape in August 2021. *See State v. Westbrook*, No. 21SL-CR02804-01 (21st Jud. Cir., 2021). Four months later, the state court ordered an evaluation of Plaintiff's mental condition by the Missouri Department of Mental Health. In April 2022, the Department of Mental Health found Plaintiff competent to stand trial.

After firing two private attorneys, Plaintiff sought representation from the public defender's office for counsel to assist in his defense against the pending state-court charges. In November 2022, defendant public defender Bhumi Patel took over as Plaintiff's counsel in his pending criminal case. A year after the Department of Mental Health found Plaintiff competent to stand trial, Patel filed a motion in the state court seeking to continue the May 2023 trial date so that a private mental health professional could do a second competency evaluation of Plaintiff. The state court granted the trial continuance.

In October 2023, Plaintiff informed the state court that he was suing his attorney, Patel, for ineffective assistance of counsel and requested a change of counsel from the public defender's office. However, before the state court ruled on Plaintiff's change-of-counsel request, the court found Plaintiff lacked the mental fitness to proceed to trial based on the results of the private competency evaluation. As a result, in November 2023, the criminal proceedings against Plaintiff were suspended, and Plaintiff was committed to the custody of the Director of the Missouri Department of Mental Health.

Just recently, on May 16, 2024, the Director of the Department of Mental Health informed the state court that a recent examination of Plaintiff found no change to his mental status or his lack of competency to stand trial. The report also acknowledged that Plaintiff is still awaiting admission to a Department of Mental Health facility due to a severe shortage in staffing and bed space. Therefore, Plaintiff is still being held at the St. Louis County Justice Center in Clayton, Missouri.

**II.     Prior Case in this Court**

This is not the first civil action that Plaintiff has filed against his state-assigned public defender, Bhumi Patel, in this Court. *See Westbrook v. Patel*, No. 4:23-cv-1200-SRC (E.D. Mo. 2023). In September 2023, Plaintiff filed a § 1983 complaint against four defendants including Patel. *Id.* at ECF No. 1. After reviewing his complaint under 28 U.S.C. § 1915(e)(2)(B), this Court found that Plaintiff's complaint failed to state a claim upon which relief could be granted; however, the Court allowed Plaintiff a chance to amend his pleadings. *Id.* at ECF No. 4. In his amended complaint, Plaintiff named only one defendant, Patel, in both her individual and official capacities. *Id.* at ECF No. 6. Upon review of Plaintiff's amended pleading, this Court found that Plaintiff failed to state a claim for relief because a defense attorney – whether appointed or retained – does not act under color of state law and therefore cannot be liable for any alleged deprivation of constitutional rights under § 1983. *Id.* at ECF No. 8. As a result, the case was dismissed on February 16, 2024, without prejudice. *Id.* at ECF No. 9.

## The Complaint

Five days[1] after the dismissal of Plaintiff's prior § 1983 case against Patel, the Court received the complaint for this matter.[2]  Similar to Plaintiff's amended complaint in his previously filed case, Plaintiff brings this case against his public defender, Bhumi Patel, in her individual and official capacities.  ECF No. 1 at 1-2.  Plaintiff's 'Statement of Claim' makes essentially the same claims against Patel as the amended complaint in his dismissed case.  In his own words, Plaintiff alleges as follows:

- Plaintiff was harassed & exploited by defendant by way of mentioning names of relatives & family members through legal documentation.

- Defendant claimed she found mitigating evidence against Plaintiff. Plaintiff requesting that evidence but never received it, while still receiving other legal documents from the defendant.

- Between March 2023 & September 2023 Plaintiff noticed in court documents that he was being harassed by either alleged victim or acquaintance(s).  When the Plaintiff requested to speak with a Detective or FBI, Defendant stated it was not her job to get him in contact & if he would stop requesting that he might get let go.

- Defendant hired an examiner to help her deem the Plaintiff incapable of assisting with his defense by misdiagnosing him with another specified schizophrenia and psychopath, and misinterpreting what Plaintiff was saying to make him seem unstable.

---

[1] It is unclear exactly when Plaintiff's pleadings were placed in the mail because the complaint is dated October 30, 2023, but it was not received by the Court until February 21, 2024.  *See* ECF No. 1 at 1 & 10.  It is unreasonable to believe that the mail delivery took almost four months.

[2] When the Court received Plaintiff's complaint in this matter, it considered the possibility that Plaintiff was attempting to file another amended pleading for his other case against Patel that had been recently dismissed. However, the complaint that initiated this matter contained no case number and was received with a new motion to proceed *in forma pauperis*.  *See* ECF Nos. 1 & 2.  Plaintiff had already been granted *in forma pauperis* status in his prior case on September 26, 2023, so there would have been no reason to file another motion seeking such status. And Plaintiff did not label the complaint as an amended pleading, nor did he put the case number for his prior case on the pleading.  For these reasons, the Court construed Plaintiff's filings as initiating a new § 1983 action, despite the similarity of the allegations with his prior case.

- Defendant also allowed the Judge and prosecution to use a statute (566.010(7)) from 2003 (566.010(4)) that has been revised since 2018.

  With this, defendant has failed to present significant mitigating evidence to and for Plaintiff, violating his right to effective counsel.

*Id.* at 3-4.

In terms of injuries, Plaintiff asserts that Patel's ineffective assistance of counsel has resulted in an "extended stay" in jail. This increased incarceration time has caused Plaintiff to not receive proper medical and dental care, resulting in "infections." *Id.* at 4. For relief, Plaintiff seeks 5.5 million dollars. *Id.* at 5.

## Discussion

Plaintiff brings this civil action under 42 U.S.C. § 1983, which was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978). "The essential elements of a § 1983 claim are (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Green v. Byrd*, 972 F.3d 997, 1000 (8th Cir. 2020) (citation omitted). To that end, only state actors can be held liable under § 1983. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 349 (1974)) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties).

Plaintiff names as defendant only Bhumi Patel, who is a Missouri state public defender. But a defense attorney, whether appointed or retained, does not act under color of state law when performing an attorney's traditional functions, and thus cannot be liable

for any alleged deprivation of constitutional rights under § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) ("a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding"); *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir. 1990) ("This circuit has repeatedly held that both retained and appointed attorneys are not liable for deprivations of constitutional rights under 42 U.S.C. § 1983 for the reason that they do not act under color of state law") (citation omitted).

In this case, Plaintiff alleges that Patel violated his rights by failing "to present significant mitigating evidence," hiring a medical examiner, and referencing a revised state statute. ECF No. 1 at 4. All these allegations pertain to traditional functions of an attorney. Therefore, Patel was not acting under color of state law. As such, Plaintiff has failed to state a § 1983 claim upon which relief can be granted, and the Court therefore dismisses his case without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**, and the filing fee is waived. *See* 28 U.S.C. § 1915(a)(1).

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted. Plaintiff's claims against defendant Bhumi Patel are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 3rd day of June, 2024.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE